46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MICROSOFT CORPORATION, a Delaware Corporation, Plaintiff-Appellee,
v.
U-TOP PRINTING CORPORATION, a California Corporation; James
C. Sung, aka James Chen-E Sung; Shirley L. Sung,
aka Lishia Sung; U-Win Company, a
California Entity,
Defendants-Appellants.
 No. 93-16048.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1994.
Decided Jan. 9, 1995.
 
 Before: TANG, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James C. Sung, Shirley L. Sung, U-Top Printing Corporation and U-Win Company (collectively, "U-Top") appeal the preliminary injunction entered by the district court, freezing their assets pending trial on Microsoft Corporation's claims of manufacturing and trading illegal copies of MS-DOS 5.0 and Windows operating system software. The complaint seeks damages and an accounting of U-Top's profits under the Lanham Act, 15 U.S.C. Sec. 1117(a). We have jurisdiction, 28 U.S.C. Sec. 1292(a), and we affirm.
 
 
 3
 * U-Top contends that the district court had no authority to issue a preliminary injunction freezing assets because such provisional relief is unrelated to any equitable remedy that Microsoft seeks. It also argues that the freeze may not be justified by the fact that Microsoft is potentially entitled to an accounting, as an accounting is a legal--not an equitable--remedy.
 
 
 4
 Reebok International, Ltd. v. Marnatech Enterprises, 970 F.2d 552 (9th Cir.1992), controls this case. In Reebok, we held that a district court has the inherent equitable power to order a provisional asset freeze where final relief may take the form of an accounting of profits under the Lanham Act, 15 U.S.C. Sec. 1117(a). Here, the district court found that Microsoft was likely to prevail on the merits and that there was a possibility that it would be entitled to the Sec. 1117(a) accounting of U-Top's profits. "An accounting of profits under Sec. 1117(a) is not synonymous with an award of monetary damages: an accounting for profits is an equitable remedy subject to the principles of equity." Reebok, 970 F.2d at 559 (internal quotation marks and ellipses omitted). U-Top's argument that an accounting of profits is not an equitable remedy, but rather merely a legal remedy that cannot support provisional equitable relief, therefore fails.
 
 
 5
 U-Top's reliance on Dairy Queen v. Wood, 369 U.S. 469 (1962), and Sid & Marty Krofft Television v. McDonald's Corp., 562 F.2d 1157, 1175 (9th Cir.1977) is misplaced. Neither deals with the propriety of provisional equitable relief when an accounting of profits is sought under the Lanham Act; rather, each involves the Seventh Amendment right to a jury trial. Reebok, on the other hand, specifically holds that a Lanham Act accounting is an equitable remedy.
 
 
 6
 Nor is Reebok distinguishable, as U-Top argues. Nothing in Reebok suggests that the parties waived a jury trial, or that a jury trial vitiates the court's ability to grant equitable monetary relief or its corresponding ability to grant related provisional equitable relief.
 
 
 7
 The district court did not clearly err in determining that U-Top had attempted to secrete or dissipate assets, based on the disappearance of $1.89 million from a Hong Kong bank account, unauthorized draws on other bank accounts, and U-Top's continuing refusal to comply with the court's order to provide an accounting of its assets. Under these circumstances, its order freezing assets was not inappropriate. Reebok; see also In re Estate of Ferdinand Marcos, Human Rights Litigation, 25 F.3d 1467, 1480 (9th Cir.1994) ("[A] district court has authority to issue a preliminary injunction where the plaintiffs can establish that money damages will be an inadequate remedy due to impending insolvency of the defendant or that defendant has engaged in a pattern of secreting or dissipating assets to avoid judgment.")
 
 II
 
 8
 U-Top next maintains that even if the district court had the authority to issue the preliminary injunction, its order was overbroad because it applies to all of the corporate and personal assets of the Sungs, U-Top and U-Win, despite lack of proof that all these assets are derived from infringing activity. We decline to consider this point, however, as the issue is raised for the first time on appeal. This is not an exceptional case where injustice would otherwise result or where public policy requires that we address a question not raised in the district court. K-2 Ski Co. v. Head Ski Co., Inc., 506 F.2d 471 (9th Cir.1974).
 
 
 9
 Some eight months elapsed between the TRO (freezing essentially the same assets) and the preliminary injunction. During that time the district court held six hearings related to the issue of U-Top's assets. U-Top had ample opportunity to object to the scope of the freeze in the district court, but did not do so. In any event, the preliminary injunction permits the payment of ordinary business expenses and lifts the freeze to the extent of $2,000 per month for ordinary living expenses upon the filing of an accounting of all U-Top assets valued at $3,000 or more. The district court has also approved the payment of legal fees in this action from U-Top's assets, and has retained the authority to modify the preliminary injunction during the pendency of the action. Under these circumstances, we see no reason to review the injunction for overbreadth.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3